IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> *v.* <br><br> $265,656.00 IN UNITED STATES CURRENCY; <br> ONE 2020 CHEVROLET CORVETTE, VIN 1G1Y72D47L5105190; <br> ONE 2020 HONDA RANCHER 420 ATV, VIN JHFTE4195L4G00034; <br> ONE 2015 CADILLAC ESCALADE, VIN 1GYS4CKJ6FR285256; <br> ONE DODGE RAM 1500, VIN 1D7RV1CT9BS630049; <br> ONE 2013 LAND ROVER RANGE ROVER EVOQUE, VIN SALVV2BG0DH845167; AND, ASSORTED JEWELRY, MORE PARTICULARLY DESCRIBED IN ATTACHMENT A, <br><br> DEFENDANTS. | Civil Action No. |

## VERIFIED COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, United States of America, by Kurt R. Erskine, United States Attorney, and Norman L. Barnett, Assistant United States Attorney,

1

for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against the following property (collectively, "Defendant Property") that the U.S. Drug Enforcement Administration ("DEA") seized from MikQwuanda Allen and Michael Henderson during the execution of a state search warrant at 115 Saint Thomas Court, Fairburn, Georgia ("Subject Residence") on or about August 16, 2021:

- $265,656.00 in U. S. currency ("Defendant Currency");
- Five vehicles consisting of the following:
  - one 2020 Chevrolet Corvette, VIN 1G1Y72D47L5105190;
  - one 2020 Honda Rancher 420 ATV, VIN JHFTE4195L4G00034;
  - one 2015 Cadillac Escalade, VIN 1GYS4CKJ6FR285256;
  - one Dodge Ram 1500, VIN 1D7RV1CT9BS630049;
  - one Land Rover Range Rover Evoque, VIN SALVV2BG0DH845167 (collectively, "Defendant Vehicles"); and
- Assorted Jewelry consisting of the following:
  - one 20-inch white gold Cuban link diamond necklace;
  - one 22-inch white gold Cuban link diamond necklace;

2

- one white gold Cuban link diamond ring;
- one Santos de Cartier watch;
- one white gold custom diamond pendant;
- one two-tone white and yellow gold custom diamond pendant; and
- one yellow gold custom diamond pendant ("Defendant Jewelry").

2. Defendant Currency is presently located in a secure account maintained by the DEA. Defendant Jewelry is in the Custody of the DEA at a secure location. Defendant Vehicles are being retained by the Cartersville Police Department at a secure location in Cartersville, Georgia.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. This Court has in rem jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

### Relevant Statutes

6.  The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841.

7.  The Defendant Property is also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that it constitutes or was derived from proceeds traceable to a violation of a "specified unlawful activity."

8.  18 U.S.C. § 1956(c)(7) defines, in relevant part, a "specified unlawful activity" as any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

9.  18 U.S.C. § 1961(1) includes, as part of the list of offenses, "dealing in a controlled substance or listed chemical."

### Factual Background

*Investigation regarding Jarquis Moss and Subject Residence*

10. In or around early February 2021, security personnel with United Parcel Service ("UPS") contacted DEA regarding suspicious packages destined for the Subject Residence.

11. Specifically, UPS informed DEA that UPS had identified the Subject Residence as an address of interest since, among other things, the Subject Residence had received 73 packages from January to August 2021 and 65 packages from June to December 2020; that all of the packages had weighed between twelve to fifteen pounds; and that all of the packages had been shipped overnight from California.

12. UPS had determined that Jarquis T. Moss and MikQwuanda Allen lived at the Subject Residence.

13. UPS further determined that Moss had opened temporary UPS internet accounts in order to alter the return information on the label. For example, UPS determined that for one shipment, the label and tracking number reflected a return address in Kansas City, Missouri, when in fact the package had been dropped off at a UPS Store located in Long Beach, California.

14. On or about August 13, 2021, UPS contacted DEA regarding additional suspicious packages destined for the Subject Residence.

15. UPS, pursuant to its security policy, opened the package. It contained 14 pounds of a substance suspected to be marijuana.

16. DEA determined that Moss had been in possession of $38,905.00 in U.S. currency while on a flight from Atlanta to Los Angeles, California that DEA

seized.

17. DEA also determined that Moss had been arrested in West Point, Georgia on June 25, 2019 for felony possession, sale, manufacture, or distribution of marijuana.

*Execution of search warrant at Subject Residence*

18. Based on the above investigation, DEA obtained a search warrant for the Subject Residence from the Magistrate Court of Fulton County on or about August 16, 2021.

19. DEA agents, task force officers, and Atlanta Police Department ("APD") officers executed the warrant on the same day.

20. During the search, law enforcement located over 23 kilograms of suspected marijuana throughout the Subject Residence, including, 750 grams in the kitchen, 2,500 grams in the dining room, 2,450 grams in the master bedroom closet, and over 17 kilograms in boxes leading to the basement.

21. Law enforcement also located two UPS "Drop-Off Package Receipts."

22. In the master bedroom, in addition to 2,450 grams of marijuana, law enforcement located $5,306.00 in U.S. currency and Defendant Jewelry.

23. Agents and officers also located several firearms and a money counting machine in the master bedroom.

24. In the garage, law enforcement located a 2020 Corvette Stingray, VIN 1G1Y72D47L5105190, which had a bag containing $10,000.00 in U.S. currency in the trunk.

25. Law enforcement also located a secured plastic case containing $242,250.00 in U.S. currency near the Corvette on the floor in the garage.

26. A canine officer gave a positive alert for the presence of narcotics odor on the currency found in and around the Corvette.

27. Agents and officers located a 2020 Honda Rancher all-terrain vehicle, VIN JHFTE4195L4G00034, parked directly behind the Corvette.

28. In the driveway of the Subject Residence, law enforcement located a 2015 Cadillac Escalade, VIN 1GYS4CKJ6FR285256, a Dodge Ram 1500, VIN 1D7RV1CT9BS630049, and a Land Rover Range Rover Evoque, VIN SALVV2BG0DH845167.

29. During the search, Allen and Michael Henderson, an individual who identified himself as Allen's brother, were present.

30. Law enforcement interviewed Allen, who denied knowledge of the drugs, money, and other items located in the residence.

31. Allen said she lived at Subject Residence and that Moss is her boyfriend.

32. Allen indicated that she worked from home trading stocks and only had three active accounts with money in them.

33. Allen showed agents the accounts she advised had money in them and the total amount of money in the three accounts combined was approximately $600.00.

34. Law enforcement also interviewed Henderson.

35. Henderson denied knowledge of the large amounts of drugs, money, and other items located in the residence.

36. Law enforcement also spoke with an individual who identified himself as Moss's father.

37. According to this individual, Moss worked for a tow truck company but did not have tax records for his income.

*Administrative Proceedings*

38. DEA initiated administrative proceedings against the Defendant Property, among the other items seized by DEA, on or about August 19, 2021.

39. On or about November 4, 2021, a claim to the following Defendant Property was filed on behalf of Moss:

- Defendant Currency;
- one Chevrolet Corvette, VIN 1G1Y72D47L5105190;

- one 2020 Honda Rancher 420 ATV, VIN JHFTE4195L4G00034;

- one 2015 Cadillac Escalade, VIN 1GYS4CKJ6FR285256;

- one Dodge Ram 1500, VIN 1D7RV1CT9BS630049; and

- Defendant Jewelry.

40. On November 16, 2021, a claim to the Range Rover Evoque with VIN SALVV2BG0DH845167 was filed on behalf of Allen.

41. Pursuant to 18 U.S.C. § 983(a)(3), DEA referred the matter for judicial forfeiture to the U.S. Attorney's Office for the Northern District of Georgia.

## CONCLUSION

42. Based on the forgoing, the Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or was intended to be furnished in exchange for a controlled substance, that it constitutes proceeds traceable to such an exchange, or that it was used or was intended to be used to facilitate the possession of a controlled substance in violation of 21 U.S.C. § 841.

43. The Defendant Property is also subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), because it constitutes or was derived from proceeds traceable to a specified unlawful activity, namely the illegal distribution of controlled substances.

WHEREFORE, the United States prays:

(1) that the Court forfeit the Defendant Property to the United States of America;

(2) that the Court award Plaintiff the costs of this action; and

(3) that Plaintiff have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This 2nd day of February 2022.

        Respectfully submitted,

        KURT R. ERSKINE
          *United States Attorney*
          *600 U.S. Courthouse*
          *75 Ted Turner Drive SW*
          *Atlanta, GA 30303*
          *(404) 581-6000   fax (404) 581-6181*

        /s/NORMAN L. BARNETT
          *Assistant United States Attorney*
        Georgia Bar No. 153292
        norman.barnett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> v. <br><br> $265,656.00 IN UNITED STATES CURRENCY; <br> ONE 2020 CHEVROLET CORVETTE, VIN 1G1Y72D47L5105190; <br> ONE 2020 HONDA RANCHER 420 ATV, VIN JHFTE4195L4G00034; <br> ONE 2015 CADILLAC ESCALADE, VIN 1GYS4CKJ6FR285256; <br> ONE DODGE RAM 1500, VIN 1D7RV1CT9BS630049; <br> ONE 2013 LAND ROVER RANGE ROVER EVOQUE, VIN SALVV2BG0DH845167; AND, ASSORTED JEWELRY, MORE PARTICULARLY DESCRIBED IN ATTACHMENT A, <br><br> DEFENDANTS. | Civil Action No. |

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Jake Lee, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based

1

upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 2nd day of February 2022.

_____
TASK FORCE OFFICER JAKE LEE
DRUG ENFORCEMENT ADMINISTRATION

## **Attachment A**

1. one 20-inch white gold Cuban link diamond necklace;

2. one 22-inch white gold Cuban link diamond necklace;

3. one white gold Cuban link diamond ring;

4. one Santos de Cartier watch;

5. one white gold custom diamond pendant;

6. one two-tone white and yellow gold custom diamond pendant; and

7. one yellow gold custom diamond pendant.